PHELAN (KELLY v.). See Case No. 7,673.

## Case No. 11,070.

### In re PHELPS.

[9 Ben. 286;[1] 17 N. B. R. 144.]

District Court, S. D. New York. Jan. 16, 1878.

BANKRUPTCY — PROOF OF DEBT — LIABILITY TO FORMER PARTNER.

P. and E. being copartners, P. sold out to E. his interest in the firm, P. agreeing to pay all the firm debts, and to save E. harmless thereon. Afterwards, P. being adjudged a bankrupt, and firm debts remaining unpaid, E., without having paid anything on such debts, claimed the right, under section 5068 of the Revised Statutes, to prove against the estate of P. for the differences between the amounts of such debts and the dividend which the estate would pay thereon, and to have the present value of P.'s liability to him ascertained: *Held*, that he was not entitled to make any such proof and that there was no present value of such liability which could be ascertained.

[In the matter of John F. Phelps, a bankrupt.]

Wilson & Wallis, for Everdell.
Gurdon S. Buck, for the assignee.

BLATCHFORD, District Judge. Prior to January 24th, 1877, one Everdell and the bankrupt were copartners in business under the name of Phelps & Everdell. On that day Phelps sold out to Everdell his interest in the firm. Part of the consideration for such sale was the written agreement of the bankrupt, then made, to pay all the firm's debts then due or owing, and to indemnify and save harmless Everdell for and from any liability thereon. On the 14th of February, 1877, the bankrupt filed a voluntary petition in bankruptcy, on which he was adjudicated a bankrupt. Debts of the firm to the amount of about $4,000, to sixteen creditors, still remain unpaid, and Everdell will remain liable thereon for the respective differences between the total amounts of such debts and the dividend which the estate of the bankrupt will pay thereon. Although Everdell has not paid any part of such differences, or any part of any of such debts, he now claims the right, under section 5068 of the Revised Statutes, to make proofs of claim of such differences, as "contingent debts" or "contingent liabilities" "contracted by the bankrupt," and he asks the court to ascertain the amounts for which he should prove claims, and he also asks to have the present value of the debts or liabilities of the bankrupt to him ascertained and liquidated. Section 5068 of the Revised Statutes provides as follows: "In all cases of contingent debts and contingent liabilities contracted by the bankrupt and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency happens before the order for the final dividend; or he may, at any time, apply to the court to have the present value of the debt or liability ascertained and

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

liquidated, which shall then be done in such manner as the court shall order, and he shall be allowed to prove for the amount so ascertained."

The claim made by the counsel for Everdell is, that, when he shall have paid the differences above mentioned, he will have been damaged in such amounts by the failure of the bankrupt to keep his agreement, and will have a valid claim against the bankrupt to such amount; and that such claim may, under section 5068, be proved as a contingent claim, in advance of any actual payment by Everdell.

Section 5070 of the Revised Statutes provides as follows: "Any person liable as bail, surety, guarantor, or otherwise for the bankrupt, who shall have paid the debt, or any part thereof, in discharge of the whole, shall be entitled to prove such debt, or to stand in the place of the creditor, if the creditor has proved the same, although such payments shall have been made after the proceedings in bankruptcy were commenced. And any person so liable for the bankrupt, and who has not paid the whole of such debt, but is still liable for the same or any part thereof, may, if the creditor fails or omits to prove such debt, prove the same, either in the name of the creditor or otherwise, as may be provided by the general orders, and subject to such regulations and limitations as may be established by such general orders."

It is contended for Everdell, that, although, as between himself and the bankrupt, he may be regarded as a surety, within the meaning of that term in section 5070, yet he has, over and above such suretyship as grew out of his position as a joint debtor with the bankrupt, a claim against the bankrupt growing out of the bankrupt's contract of indemnity. It is such claim, based on such contract, that he seeks to prove under section 5068, by proving for some present value, based on the difference between the debts in question and the amounts which the estate of the bankrupt will pay of such debts. The view seems to be, that, in some manner Everdell can prove a present debt, and secure the payment of a dividend to him thereon, without his paying, prior to making such proof, any part of the debts due to the creditors from him as a member of the firm.

Whether under the original liability of Everdell, as a partner, to the creditors of the firm, or under the agreement made between him and the bankrupt, Everdell occupies the position of a surety in respect to the bankrupt. Under the original liability of the firm, each of its members was a surety to the other for one-half of the debts. Under the agreement subsequently made the bankrupt became, as regarded Everdell, the principal debtor, and Everdell became surety for the bankrupt in respect of the whole amount of the debts of the firm. Everdell, therefore, under section 5070, and general order No. 34, as a surety for the bankrupt, or a person contingently liable for him, may prove the claim in respect of which

he is such surety, or so contingently liable, under the conditions prescribed by that section and that general order.

I do not perceive that Everdell can make any proof under section 5068. as the case now stands. What is the contingent debt or the contingent liability contracted by the bankrupt in favor of Everdell? By virtue of the partnership relation, the bankrupt became liable to Everdell, contingent upon Everdell's paying more than his one-half of the debts of the firm. Everdell has not paid any part of such debts. By virtue of the subsequent agreement between Everdell and the bankrupt, the bankrupt bound himself to pay all the debts of the firm, and to indemnify and save harmless Everdell for and from all liability thereon. This was substantially a liability to Everdell contingent upon Everdell's paying any part of the debts. In either case, there must be a payment by Everdell before he can prove any claim. In the one case he must show that he has paid more than one-half of the debts. In the other case he must show that he has paid some part of the debts. Section 5068 clearly states that Everdell cannot share in the dividends till the contingency happens. Under the latter clause of section 5068 there is no present value of the bankrupt's liability to Everdell that can be ascertained or liquidated. It follows that the prayer of the petition must be denied.